UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CONZALOS GLASCO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 3:10 CV 092 |
| v. | ) |  |
|  | ) |  |
| LT. LYLES, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Conzalos Glasco, a *pro se* prisoner, was granted leave to proceed on a claim that the defendants, four correctional guards at Westville Correctional Facility ("Westville"), violated his Eighth Amendment rights by disrupting his sleep, threatening him with violence, telling other inmates he was a snitch and a child molester, giving his mail to his enemies, and placing him in a cold observation cell for three days with no clothing. (DE # 17.) The defendants move for summary judgment on the ground that Glasco failed to exhaust his administrative remedies before filing suit. (DE # 65.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*,

351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem—or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

*Id.* at 1023-24.

Here, the undisputed facts show that Glasco was housed at Westville from December 2009 to August 2010. (*See* DE # 65-1, Bean Aff. ¶ 5.) Westville has a two-step

2

formal grievance process, whereby a prisoner must file a written grievance which is decided by the grievance specialist and, if dissatisfied with the response, an appeal to the grievance manager. (*Id.* ¶¶ 10-11.) A record is kept of all grievances, and those records show that on April 11, 2010, Glasco filed a grievance complaining that one of the defendants, Officer Medina,[1] had woken him up during the night by yelling into his intercom. (DE # 65-2 at 1.) He requested that prison officials "keep Officer [Medina] away from me." (*Id.*) On May 24, 2010, grievance specialist Tim Bean responded to the grievance, informing Glasco that his claim was found to be unsubstantiated but notifying him that a copy of the grievance would be forwarded to the facility administrator. (*Id.* at 2.) There is no record of Glasco having filed a formal appeal of his grievance, nor is there a record of any other grievances that he filed. (DE # 65-1, Bean Aff. ¶¶ 15-17.) Based on this evidence, the defendants argue that Glasco failed to exhaust his administrative remedies before filing suit. The court agrees with the defendants.

As an initial matter, Glasco's grievance did not address several of the matters he raises in this lawsuit. Although he complained about being woken up, he did not grieve the issues of his mail being given to other inmates or the incident in which he was placed in an observation cell without any clothing. (DE # 65-2 at 1.) As to the grievance he did file, the record shows that he completed step one of the process but not step two.

---

[1] Glasco referred to this officer as "Nealina" in the grievance and in his complaint, but he subsequently notified the court that the correct spelling is "Medina." (DE # 10.)

(DE # 65-1, Bean Aff. ¶¶ 16-17.) It is apparent that Glasco was dissatisfied with Bean's initial response to his grievance, which he claims "did not provide a useful remedy considering the gravity of the situation." (DE # 73-1 at 2). In his view, the appropriate response would have been to separate him from Officer Medina. (*Id.*) However, Glasco did not file a formal appeal of his grievance to the grievance manager. (DE # 65-1, Bean Aff. ¶¶ 11, 16-17.)

In opposing the motion for summary judgment, Glasco points to letters he wrote around this time to an Indiana Department of Correction official outside the prison, in which he accuses the defendants of engaging in "criminal activities," including threatening him with violence. (*See* DE # 73-2, DE # 73-3, DE # 73-4 at 1-2.) He appears to argue that these letters constituted a substitute for a formal appeal to the grievance manager at the prison. (*See* DE # 73-1 at 1.) This argument is unavailing, however, because actions Glasco took to complain outside the prison's formal grievance process do not satisfy the exhaustion requirement. *Pozo*, 286 F.3d at 1023-25. For the same reason, Glasco's appeal in a disciplinary case and his "request for an interview" with his counselor to complain about the defendants also fail to show that he exhausted the prison's formal grievance process.[2] (DE # 73-5, DE # 73-6.)

---

[2] Glasco asserts that he filed two grievances on March 25, 2010, complaining about the same type of conduct. (*See* DE # 73-1 at 3; DE # 73-4 at 3-4.) He claims that there was no response to these grievances, which he attributes to the "buddy-buddy system" at the prison, whereby one staff member might "possibly cover up for another staff member." (DE # 73-1 at 2.) Glasco's assertions are not submitted under oath in the form of an affidavit. (*See id.*) However, even taking him at his word that he filed additional grievances prior to the one filed on April 11, 2010, this would not explain

4

Because Glasco did not properly exhaust his administrative remedies before filing suit, his case must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Accordingly, the motion for summary judgment (DE # 65) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED**.

Date: August 9, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT

---

why he failed to appeal once Bean responded to the April 11, 2010, grievance.